Case 2:19-mc-00004-JES-UAM   Document 1   Filed 03/15/19   Page 1 of 8 PageID 1

FILED

2019 MAR 15 AM 11:43

CLERK US DIST...COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re: Rule 45 Subpoena to MAXINE NOVAK

UNIVERSITAS EDUCATION, LLC,

        Plaintiff,

v.

JACK E. ROBINSON, III a/k/a
JACK E. ROBINSON,

        Defendant.

_____/

Case No. 2:19-MC-4-FtM-29UAM

District of Massachusetts
C.A. No. 1:15-cv-11848-DPW

## NON-PARTY MAXINE NOVAK'S OBJECTIONS TO SUBPOENA AND MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Non-party Maxine Novak ("Ms. Novak") hereby objects to a subpoena served by the Plaintiff Universitas Education, LLC ("Plaintiff") upon her in the Middle District of Florida, commanding the production of documents and a deposition and further moves for an order quashing same and for a protective order. As grounds therefore, Ms. Novak states the following:

### PROCEDURAL HISTORY

**A. The Underlying Litigation Pending in the District of Massachusetts**

On May 14, 2015, Universitas Education, LLC filed an action against Jack Robinson, III a/k/a Jack E. Robinson ("Mr. Robinson") alleging, *inter alia*, that in or around 2008, he aided and abetted a former business associate in the theft of insurance proceeds belonging to the Plaintiff. ECF Docket Report (Entry No. 1), attached to this Motion at Exhibit 1. The case is pending in the District of Massachusetts. *Id.* Mr. Robinson died in November 2017. Affidavit of Maxine Novak, ¶4, attached at Exhibit 2 to this Motion (hereinafter, "Novak Aff."). Mr.

1

Robinson's family did not probate his estate because it was insolvent and there were no assets. *Id.* No one appears to have substituted in as a party for Mr. Robinson's estate since his death. Docket Report (Entry No. 156).

### B. Plaintiff's Subpoena to Ms. Novak

On or around March 1, 2019, Plaintiff served Ms. Novak, a 74-year-old woman who was Mr. Robinson's former companion,[1] with a subpoena. Subpoena to Testify at a Deposition in a Civil Action dated February 28, 2019, attached hereto at Exhibit 3. The subpoena[2] seeks documents and information regarding approximately 19 different people and/or entities dating back 10 years, contains highly intrusive and irrelevant inquiries pertaining to Ms. Novak's personal financial information, and commands Ms. Novak to appear and testify at a deposition on March 27, 2019. *Id.*

### C. Plaintiff's Refusal to Withdraw the Subpoena

On March 12, 2018, counsel for Ms. Novak in Massachusetts contacted Plaintiff's counsel, Joseph L. Manson, III of the Law Offices of Joseph L. Manson, III in Alexandria, Virginia and advised that the subpoena was not only unduly burdensome but most importantly, Ms. Novak did not possess any responsive information, knowledge, or documentation so deposing her would be a waste of time. Email correspondence between Lana Sullivan, Esq. and Joseph Manson, Esq. dated March 12, 2019 ("March 12, 2019 Sullivan/Manson e-mail correspondence") attached to this Motion at Exhibit 4. Counsel for Ms. Novak advised Mr. Manson that Ms. Novak had no knowledge of or involvement of any of Mr. Robinson's business or professional affairs during his lifetime, that she had no documentation regarding same, and

---

[1] Plaintiff has served a similar subpoena on Mr. Robinson's 91-year-old mother, Lillian Robinson Granderson.

[2] Ms. Novak does not waive, and expressly reserves, her right to specifically object to "Schedule A" of the subpoena (on the grounds that the "definitions" and document requests contained therein are vague and ambiguous and overbroad in their breadth and scope) to the extent that this Honorable Court does not quash the subpoena in its entirety.

that she was unaware of any substantial assets that Mr. Robinson purportedly had, let alone any assets at all. *Id.*

Counsel for Ms. Novak further asked Mr. Manson if he would withdraw the subpoena or, if not, at the very least agree to a two-week extension of time up to and including March 29, 2019 so that local counsel in Florida could be located to represent Ms. Novak's interests and file the appropriate motion. March 12, 2019 Sullivan/Manson email correspondence. Mr. Manson refused to agree to either of these requests. *Id.* The reason that Mr. Manson gave for his refusal to withdraw the subpoena or grant an extension was that the underlying case had a discovery deadline of April 5, 2019 and Ms. Novak allegedly had information "highly relevant in the case" and had "received or had knowledge about the location of substantial assets" of Mr. Robinson. Counsel for Ms. Novak asked Mr. Manson to identify exactly what "highly relevant" information Ms. Novak possibly could have. *Id.* Mr. Manson refused to do so. *Id.*

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 45 states that:

> On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). In addition to the requirements of Rule 45, Rule 26(b)(1) governs the scope of permissible discovery and states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b)(1). Moreover, Rule 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii)

3

the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26 (b)(2)(C).

In addition to the requirements above, any "party or any person from whom discovery is sought may move for a protective order," and the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005) (citing *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The decision to enter a protective order, however, is within the Court's discretion and does not depend on a legal privilege. Id. at 429 (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985)).

## ARGUMENT IN SUPPORT OF MOTION TO QUASH

Plaintiff's subpoena should be quashed because it is unduly burdensome, seeks irrelevant information, and improperly requires the disclosure of Ms. Novak's protected personal financial information.[3] Further, Plaintiff has offered no explanation why it did not first seek the same information through discovery from Mr. Robinson and/or the approximately 19 individuals and entities during the four year period of time the underlying case has been

---

[3] Individuals may challenge a subpoena on the grounds that it implicates "a personal right or privilege with respect to the matter of the subpoena." Gabriel v. GS Secure Staff, LLC, 225 F.Supp.3d 1370, 1371 (S.D. Fla. 2016) (personal right or privilege exits with respect to subpoenaed financial records); *see also Woods v. On Baldwin Pond, LLC*, 2014 WL 12625078, *1 (M.D. Fla. 2014).

pending-- or why it has waited until a month before the close of discovery to issue this subpoena to Ms. Novak.

Ms. Novak attests in her affidavit that she does not have any information, knowledge, or documentation that pertains to the case and she did not receive and does not have any knowledge about the location of any substantial assets that Mr. Robinson allegedly had. Specifically, Ms. Novak articulates the following facts which support the issuance of a protective order and quashing the subpoena:

- She was the companion of Mr. Robinson prior to his death. She had no knowledge of or involvement in any of Mr. Robinson's business or professional affairs during his lifetime. She does not know what the underlying case is about and had no knowledge of it during Mr. Robinson's lifetime. Novak Aff. at ¶3,5-6.

- The subpoena asks for information and documents related to six individuals, three of whom Ms. Novak does not know. Two of the remaining individuals Ms. Novak met once many years ago; the third individual she met for the first time at Mr. Robinson's funeral. Ms. Novak has had no communications with any of them and has no documents related to any of them. Novak Aff. at ¶7.

- The subpoena also asks for information and documents related to ten entities, none of which Ms. Novak knows anything about and Ms. Novak has no documentation pertaining to any of them. Novak Aff. at ¶8.

- Ms. Novak is aware that Mr. Robinson once worked for a company that had Benistar in its name; other than that Ms. Novak has no knowledge of anything else about Mr. Robinson's involvement with the company and she has no documents pertaining to Benistar. Novak Aff. at ¶9.

- Ms. Novak and Mr. Robinson started a business many years ago called Shadow Ridge Properties, LLC, which purchased distressed properties or properties in foreclosure in Florida and fixed them up and rented them out. They used Ms. Novak's own funds to start the business and business became self-funding from the rental income from the properties. There were never any funds put into the business from the outside. Novak Aff. at ¶10.

- When Mr. Robinson died, the account for Shadow Ridge Properties, LLC was overdrawn. Accordingly, Ms. Novak established Shadow Ridge Properties II, LLC in order to wind down the business and submit final tax returns. The business currently has no assets and Ms. Novak has used her own funds to wind

down the business and pay the accounting fees and miscellaneous small bills. Ms. Novak transferred the last remaining properties to Shadow Ridge Properties II LLC in order to close out and dissolve Shadow Ridge Properties LLC. Neither of those properties have any equitable value and one is now in foreclosure. Novak Aff. at ¶11.

- Ms. Novak has no knowledge of any substantial assets that Mr. Robinson had, let alone any assets at all. Novak Aff. at ¶12.

- Ms. Novak never received or purchased property of any nature from Mr. Robinson or any company that Mr. Robinson was affiliated with; never received any payments, salary or otherwise, from Mr. Robinson or any company he was affiliated with; and never received or purchased any property from affiliates of Mr. Robinson including but not limited to Daniel Carpenter, and therefore she has no documentation regarding same. Novak Aff. at ¶¶13-15.

- Ms. Novak has no knowledge of any company in which Mr. Robinson or any affiliate of Mr. Robinson had any ownership interest or any bank accounts or accounts at any financial institution related to Mr. Robinson, Mr. Robinson's affiliates, or any company that Mr. Robinson or his affiliates controlled or in which they had an ownership interest and has no documentation regarding same (except for Shadow Ridge Properties LLC and Shadow Ridge Properties II as stated above). Novak Aff. at ¶¶16-18.

- Mr. Robinson and Ms. Novak never co-mingled any of their personal funds and had no access to each other's personal accounts. Novak Aff. at ¶19.

In sum, Plaintiff's subpoena is nothing more than a harassing fishing expedition apparently to see if there is some kind of pot of gold that purportedly existed that Mr. Robinson gave to Ms. Novak before his death. No such pot of gold ever existed, as Ms. Novak has attested in her affidavit. Accordingly, as the subpoena seeks irrelevant and/or non-existent information as well as protected personal financial information, it would be unduly burdensome to require Ms. Novak to testify at a deposition and the subpoena should be quashed and a protective order issued.

## CONCLUSION

For the foregoing reasons, non-party Maxine Novak respectfully requests that this Honorable Court: 1) quash the subpoena issued to her, 2) enter a protective order with respect to the information sought by those subpoenas, and (3) grant any further relief that this Honorable Court deems just and proper.

## RULE 3.01(g) CERTIFICATION

Prior to filing this Motion, pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, on March 12, 2019, Massachusetts counsel for Ms. Novak conferred with counsel for Plaintiff via email in a good faith effort to obviate the need to file this Motion. Plaintiff was unwilling to withdraw the subpoena.

Dated: March 15, 2019

Respectfully submitted,
ARTHUR T. SCHOFIELD, P.A.
/s/ Arthur T. Schofield, Esq.
Florida Bar No.: 984434
Via Jardin
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
Phone: (561) 655-4211
Fax: (561) 655-5447
Email: aschofield@flalabor.com

Local counsel for non-party Maxine Novak

Lana Sullivan, Esq., MA Bar No. 649364
Law Office of Lana Sullivan
233 Needham Street, Suite 300
Newton, MA 02464

Attorney for non-party Maxine Novak

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, a true and correct copy of the foregoing has been furnished by email and U.S. mail to:

Joseph L. Manson III, Esq.
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314

Lana Sullivan, Esq.
Attorney
